IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN W. BOLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:10cv171-WHA |
| | ) | (WO) |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion for Judgment on the Pleadings (Doc. #20), filed by Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") on April 26, 2010.

Plaintiff Kevin W. Bolton ("Bolton") filed the Complaint in this case in the Circuit Court of Chilton County, Alabama against Defendants Homesteps Assets Services,[1] Prudential Ballard Realty, Janie Barton Wood, Bonnie J. Woods, and Robert E. Woods. Defendants removed the case to this court on February 26, 2010. In the seven-count Complaint, Plaintiff brings claims for conversion (Count One), negligent supervision (Count Two), respondeat superior (Count Three), negligence / wantonness (Count Four), trespass (Count Five), intentional infliction of emotional distress (Count Six), and invasion of privacy (Count Seven). Defendant Freddie Mac has moved to dismiss all of the counts asserted against it.

---

[1] "Homesteps Assets Services" is an internal division of the Federal Home Loan Mortgage Corporation, commonly known as "Freddie Mac." The court refers to Homesteps Assets Services as Freddie Mac throughout the opinion.

For reasons to be discussed, the Motion for Judgment on the Pleadings is due to be GRANTED, with leave to amend.

## II.  LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.  The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings.  *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009); *In re Katrina Canal Breaches Lit.*, 495 F.3d 191, 205 (5th Cir. 2007).  The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id.* (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

## III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

Bolton is the owner of real property located at 790 County Road 89, Clanton, Alabama, 35046 (the "Property"). Countrywide Home Loans, Inc. ("Countrywide") holds a recorded mortgage on the Property. Because Bolton was not current on his mortgage payments to Countrywide, a mortgage foreclosure sale was scheduled for June 17, 2008. Prior to the date of the foreclosure sale, Bolton entered into a modification of his mortgage with Countrywide, and the foreclosure sale scheduled for June 17, 2008 was cancelled. Despite this cancellation, a demand for possession letter was sent to Bolton dated June 17, 2008, demanding possession of the property within 10 days from June 17, 2008.

On June 24, 2008, Bolton's wife arrived at the Property and found Robert E. Woods and Bonnie J. Woods (the "Woods") allegedly "loading up items from inside the home lived in by the Boltons." (Doc. #1-1, Compl. ¶ 12.) The Woods allegedly "pried the front window of the home open with a crowbar, along with taking screens off the windows and beating a door with a sledge hammer." (Id. ¶ 13.) The Woods took items from the home and caused damage to the home. As a result of the damage, the Boltons were not able to live in the home for a substantial period of time.

Bolton alleges that "the Woods were acting at the authority of [Janie Barton] Wood,[2] Prudential Ballard Realty and Homesteps [Assets Services], who were attempting to take possession of the Property and all personal property therein, but knew or should have known that the foreclosure sale was cancelled." (Id. ¶ 16.)

---

[2] According to Defendants, "Janie Barton Wood" and "Bonnie J. Woods" are the same person, Defendant Janie Barton Wood.

## IV. DISCUSSION

### A. Motion to Dismiss

In Count Three, Bolton alleges that Freddie Mac is liable on the basis of respondeat superior because an employee-employer relationship or agency relationship existed between the Woods Defendants and Freddie Mac. In addition, Bolton claims that Freddie Mac is liable because it ratified the conduct of the Woods Defendants. Freddie Mac argues that all claims asserted against it in the Complaint must be dismissed because the Complaint fails to allege adequately an agency relationship, or any relationship or connection at all, between the Woods Defendants and Freddie Mac.

"For [an employer] to become liable for [the] intentional torts of its agent, the plaintiff[ ] must offer evidence that [1] the agent's wrongful acts were in the line and scope of his employment; or [2] that the acts were in furtherance of the business of [the employer]; or [3] that [the employer] participated in, authorized, or ratified the wrongful acts." *Potts v. BE & K Const. Co.*, 604 So. 2d 398, 400 (Ala. 1992) (citing *Joyner v. AAA Cooper Transp.*, 477 So. 2d 364, 365 (Ala. 1985)). "The employer is vicariously liable for acts of its employee that were done for the employer's benefit, i.e., acts done in the line and scope of employment or for acts done for the furtherance of the employer's interest. The employer is directly liable for its own conduct if it authorizes or participates in the employee's acts or ratifies the employee's conduct after it learns of the action." *Id.*

To recover against Freddie Mac based on its status as employer of the Woods Defendants, Bolton must establish that Robert E. Woods and Bonnie J. Woods have an employment relationship with Freddie Mac, and establish that any acts performed by the two

4

Woods Defendants were done within the scope of their employment.  *See Hendley v. Springhill Mem'l Hosp.*, 575 So. 2d 547, 550 (Ala. 1990) (citing *Wells v. Henderson Land & Lumber Co.*, 76 So. 28, 28-29 (1917)) ("To recover against a defendant under the theory of respondeat superior, it is necessary for the plaintiff to establish the status of employer and employee – master and servant – and to establish that the act was done within the scope of the employee's employment.").  Under Alabama law,

> [t]he general rule is that to constitute the relationship between master and servant for the purpose of fixing liability on the former for the acts of the latter under the doctrine of respondeat superior, it is indispensable that the right to select the person claimed to be a servant should exist. Furthermore, something more than the mere right of selection is essential to the relation. This right must be accompanied with the power and duty to control the alleged servant while in his employ; this, it is said, is one of the principal tests of the relation.

*Peterson v. Lowndes County Bd. of Educ.*, 980 So. 2d 975, 977-78 (Ala. 2007) (citing *Davenport-Harris Funeral Home, Inc. v. Chandler*, 88 So. 2d 875, 877 (Ala. Ct. App. 1956) (internal quotation marks omitted).

To recover against Freddie Mac based on an actual-authority agency relationship, Bolton must establish that Freddie Mac exercised a right of control over the performance of the Woods Defendants.  *See John Deere Constr. Equip. Co. v. England*, 883 So. 2d 173, 178 (Ala. 2003) ("The test to be applied in determining whether there existed an agency relationship based on actual authority is whether the alleged principal exercised a right of control over the manner of the alleged agent's performance.").  "Control must be proven; and proof of control requires more than proof of a mere right to determine if the person claimed to be an agent is conforming to the requirements of a contract."  *Id.*  Agency must be determined from the facts, and not by how the

5

parties characterize their relationship.  *Ragsdale v. Life Ins. Co. of N. Am.*, 632 So. 2d 465, 468 (Ala. 1994); *Butler v. Aetna Fin. Co.*, 587 So. 2d 308, 310-11 (Ala. 1991).  "If the facts establish the relationship of principal and agent, the intention of the parties is immaterial, and the character of the relationship is not affected by an agreement between the parties that an agency does not exist, or that some other relation does exist." *Ragsdale*, 632 So. 2d at 468.

In addition to vicarious liability based on an employee-employer relationship or agency relationship, an employer can also be held liable for the unlawful acts of its employee if the employer ratifies those acts.  *Potts v. BE & K Constr. Co.*, 604 So.2d 398, 400 (Ala. 1992). Under Alabama law,

> [a]n employer ratifies an act when 1) it expressly adopts the employee's behavior or 2) it implicitly approves the behavior. *Potts*, 604 So.2d at 400.  Furthermore, [a]n employer's failure to stop the tortious conduct after it learns of the conduct will support an inference that the employer tolerated the conduct. *Id.* Acquiescence or ratification requires full knowledge or means of knowledge of all material facts. *American Nat'l Bank & Trust Co. v. Powell*, 178 So. 21, 29 (1937); *Van Heuvel v. Roberts*, 127 So. 506, 509 (1930).

*East Ala. Behavioral Medicine, P.C. v. Chancey*, 883 So. 2d 162, 169-70 (Ala. 2003) (internal quotation marks omitted).

The court finds that Bolton has failed to plead any facts or allegations that plausibly support a  conclusion of an employment relationship or agency relationship between the Woods Defendants and Freddie Mac, or that Freddie Mac expressly or implicitly ratified the conduct of the Woods Defendant so as to be liable for the conduct.  Count Three of the Complaint contains only the following legal conclusion:  "Homesteps, Prudential Ballard and Wood either authorized and/or actually and/or impliedly ratified the actions of its agents Robert E. Woods and Bonnie J. Woods, and are therefore vicariously liable for any tort, alleged, committed by

them within the line and scope of their duties." (Doc. #1-1, Compl. ¶ 25.) This legal conclusion is not supported by any factual allegations and is, therefore, not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Paragraph 25 of the Complaint is merely a "formulaic recitation of the elements" of a respondeat superior claim and ratification claim and, standing alone, does not satisfy the pleading standard of Federal Rule of Civil Procedure 8. *Twombly*, 550 U.S. at 555; *see Iqbal*, 129 S. Ct. 1949-50; *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300-01 (11th Cir. 2010) (citing *Twombly* and *Iqbal* for proposition that recitals of the elements of a cause of action do not suffice). Because Bolton has pled no factual allegations that plausibly show a theory of direct or vicarious liability against Freddie Mac, Count Three of the Complaint is due to be dismissed.

The dismissal of Count Three, moreover, is fatal to all of the claims asserted against Freddie Mac. Each of Bolton's claims against Freddie Mac is wholly dependent upon the allegations in Count Three regarding an employment or agency relationship between the Woods Defendants and Freddie Mac, and Freddie Mac's alleged authorization and ratification of the conduct of the Woods Defendants. None of the other claims assert any alternative or separate basis for liability of Freddie Mac. Because the conclusory and unsupported allegations presented in Count Three fail to meet the minimum pleading requirements outlined in *Twombly* and *Iqbal*, all of the claims asserted against Freddie Mac are due to be dismissed.

## B.  Motion to Amend

Bolton argues, in the alternative, that even if the Complaint is deficient in its allegations against Freddie Mac, he should be afforded an opportunity to amend the Complaint. Freddie

Mac opposes Bolton's motion for leave to amend for two primary reasons. First, the motion is untimely pursuant to the Uniform Scheduling Order, as motions to amend the pleadings were due to be filed by the Plaintiff on or before May 21, 2010. (Doc. #11, Uniform Sched. Order § 4.) Second, the motion fails to comply with Local Rule 15.1, requiring that a copy of the proposed amendment be attached to a motion for leave to amend.

Under the circumstances of this case, the court concludes that Bolton should be afforded an opportunity to replead his allegations that an employment or agency relationship existed between the Woods Defendants and Freddie Mac, and his allegation that Freddie Mac ratified the conduct of the Woods Defendants. While Freddie Mac is correct that the Uniform Scheduling Order sets a May 21, 2010 date for Bolton to amend the pleadings, the parties have filed numerous joint motions for extending the time to respond to the motion presently before the court, and the final Response by Freddie Mac was not filed until August 3, 2010. In view of the numerous motions for extension filed by both sides, the court will permit Bolton to amend the Complaint after the scheduling order deadline. Also, while Local Rule 15.1 requires that a proposed amendment be attached to a motion for leave to amend a complaint, the rule also provides that the failure to comply with this requirement is not grounds for denial of a motion to amend a complaint.

Accordingly, Bolton will be afforded an opportunity to replead his allegations regarding the direct or vicarious liability of Freddie Mac. Should he choose to do so, Plaintiff's Amended Complaint must include more than conclusory statements that an agency relationship existed and that Freddie Mac ratified the conduct of the Woods Defendants, and must meet the pleading requirements of *Twombly* and *Iqbal*. In addition, while the court did not address Freddie Mac's

alternative arguments for dismissing specific claims in the Complaint, Bolton would be well-advised to consider those arguments in deciding whether amendment of the Complaint would be futile.

If Plaintiff chooses to file an amended complaint, the amended complaint must fully comply with Local Rule 15.1.  Any amended complaint must be complete unto itself and may not adopt by reference any prior complaint or portion thereof.  In addition, should Plaintiff choose to file an amended complaint, he should keep in mind that he must make his allegations within the strictures of Rule 11 of the Federal Rules of Civil Procedure.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1)  Defendant Freddie Mac's Motion for Judgment on the Pleadings (Doc. #20) is GRANTED as to all claims asserted against Freddie Mac, and those claims are DISMISSED without prejudice.

(2)  Plaintiff Bolton's Motion for Leave to Amend the Complaint (Doc. #34) is GRANTED.  Plaintiff will be given until August 27, 2010 to file an amended complaint in conformance with this Memorandum Opinion and Order, if he chooses to do so.

DONE this 17th day of August, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE